**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **STEPHANIE PAULA FARBER,** | ) | **Case No. 21-12147-pmm** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **LYNN E. FELDMAN, ESQUIRE,** | ) | |
| **IN HER CAPACITY AS** | ) | |
| **CHAPTER 7 TRUSTEE,** | ) | **Adversary Proceeding No. _____-pmm** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ALLIANZ LIFE INSURANCE** | ) | |
| **COMPANY OF NORTH AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CHAPTER 7 TRUSTEE'S COMPLAINT
FOR TURNOVER AND OTHER RELIEF**

Plaintiff Lynn E. Feldman, Esquire, as the duly appointed Chapter 7 Trustee (the "Trustee") in the above-captioned bankruptcy case, by and through undersigned counsel, hereby files this Complaint against Defendant Allianz Life Insurance Company of North America ("Allianz" or "Defendant") seeking turnover of property of the bankruptcy estate, and in support thereof, alleges as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the Standing Order of Reference from the United States District Court for the Eastern District of Pennsylvania.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O), in that it concerns the administration of the estate, involves a proceeding to recover property of the estate under 11 U.S.C. § 542, and seeks enforcement of orders of the bankruptcy court.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

PARTIES

4. Plaintiff Lynn E. Feldman, Esquire, is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Stephanie Paula Farber (the "Debtor" or "Estate").

5. Defendant Allianz Life Insurance Company of North America is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 5701 Golden Hills Drive, Minneapolis, MN 55416-1297.  Allianz is a foreign life insurance company doing business in Pennsylvania without an address registered in the Commonwealth of Pennsylvania for service of process.  Michael Lastrina is soliciting insurance on behalf of Allianz in the Commonwealth of Pennsylvania. His email address is: michael.lastrina@allianzlife.com.  He may be served at 2101 Ferncroft Ln, Chester Springs, PA 19425.

6.  Defendant is an entity in possession, custody, or control of property that is property of the Estate as defined by 11 U.S.C. § 541.

BACKGROUND FACTS

7. On August 3, 2021, Stephanie Paula Farber filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, commencing Case No. 21-12147-pmm before this Court.

8. Lynn E. Feldman, Esquire, was appointed and qualified as the Chapter 7 Trustee in this case.

9. In her bankruptcy schedules, the Debtor disclosed an Individual Retirement Account annuity with Allianz (the "Allianz IRA" or the "Annuity"), identified as Allianz 360 Annuity Contract No. 71480977, with an approximate value of $41,447 as of the petition date.

10. The Debtor claimed the Allianz IRA as exempt from property of the estate pursuant to 11 U.S.C. § 522(d)(12).

11. On October 5, 2021, the Trustee filed an Objection to the Debtor's Claim of Exemption (the "Objection"), asserting that the Allianz IRA was not exempt under 11 U.S.C. § 522(d)(12) because it was funded with proceeds from an inherited IRA and/or was funded in an amount that exceeded the maximum annual contribution limits prescribed by 26 U.S.C. § 219(b)(1)(A), thereby disqualifying it from tax-exempt status under 26 U.S.C. § 408.

12. Following a hearing held on February 10, 2022, the Honorable Patricia M. Mayer, United States Bankruptcy Judge, issued an Opinion and Order dated April 26, 2022 (the "Bankruptcy Court Order"), sustaining the Trustee's Objection and denying the Debtor's claimed exemption of the Allianz IRA.

13. The Bankruptcy Court found that the Debtor opened the Allianz IRA on April 13, 2018, by rolling over $41,447 from a Wells Fargo IRA, which in turn had been funded with $41,000 received from a Prudential account following the death of the Debtor's father in December 2017.

14. The Bankruptcy Court concluded that the Debtor's contribution of $41,000 to an IRA in 2018 far exceeded the maximum annual contribution limit of $6,500 (including catch-up contributions) prescribed by 26 U.S.C. § 219(b)(1)(A) for taxpayers of the Debtor's age (52) in 2018.

15. The Bankruptcy Court held that because the excess contribution gave rise to tax liability under 26 U.S.C. § 4973 and precluded the tax-exempt status of the account beyond the $6,500 limit, the Allianz IRA did not qualify for exemption under 11 U.S.C. § 522(d)(12), which exempts only funds "in a fund or account that is exempt from taxation under . . . 26 U.S.C. § 408."

16. The Debtor appealed the Bankruptcy Court Order to the United States District Court for the Eastern District of Pennsylvania, which appeal was docketed as Civil Action No. 22-CV-1817.

17. On September 4, 2025, the Honorable Mitchell S. Goldberg, United States District Judge, issued a Memorandum Opinion affirming the Bankruptcy Court Order in all respects.

18. Judge Goldberg held that the Bankruptcy Court correctly found that the Allianz IRA was not a "qualified" or tax-exempt IRA under 26 U.S.C. § 408 because it was funded in an amount ($41,000) that far exceeded the maximum allowable annual contribution ($6,500) for 2018.

19. Judge Goldberg further held that "even giving the benefit of the doubt to the debtor that she 'rolled over' an IRA at Wells Fargo into the Allianz IRA annuity on April 13, 2018, that rollover did nothing to render any of the funds in that annuity validly exempt from taxation or from her bankruptcy estate."

20. On September 4, 2025, the District Court entered an Order affirming the April 26, 2022 Opinion and Order of the Bankruptcy Court.

21. The time to appeal the District Court's decision expired on October 4, 2025. The denial of the Debtor's claimed exemption is now final and conclusive.

22. As a result of the final denial of the Debtor's claimed exemption, the Allianz IRA, including all funds and proceeds thereof, constitutes nonexempt property of the Estate pursuant to 11 U.S.C. § 541(a).

23. The Allianz IRA is property that the Trustee may use, sell, or lease under 11 U.S.C. § 363, and property that should be administered for the benefit of the Debtor's creditors.

24. On October 6, 2025, counsel for the Trustee sent a letter via facsimile and US First Class Mail to Allianz at its designated fax number (763-582-6002), demanding that Allianz immediately liquidate the Allianz IRA and remit the proceeds to the Trustee. A true and correct copy of the October 6, 2025 letter is attached hereto as "Exhibit A".  The facsimile was successfully delivered to Allianz at its number.  The mailed copy was not returned.

25. The October 6, 2025 letter enclosed copies of: (a) the Bankruptcy Court Order denying the Debtor's claimed exemption; (b) the District Court's Memorandum Opinion affirming the Bankruptcy Court Order; and (c) the District Court's Order of affirmance.

26. The October 6, 2025 letter informed Allianz that the Allianz IRA is property of the bankruptcy estate and advised Allianz of its obligation under 11 U.S.C. § 542 to turn over property of the estate to the Trustee.

27. Allianz did not respond to counsel's October 6, 2025 letter.

28. On October 27, 2025, counsel for the Trustee sent a follow-up letter via facsimile and US Mail to Allianz, again demanding immediate turnover of the Allianz IRA proceeds. A true and correct copy of the October 27, 2025 letter is attached hereto as "Exhibit B". The facsimile was successfully delivered to Allianz at its number. The mailed copy was not returned.

29. The October 27, 2025 letter reiterated that Allianz's failure to comply with the turnover demand constitutes a violation of the Bankruptcy Court orders, the automatic stay under 11 U.S.C. § 362, and the turnover provisions of 11 U.S.C. § 542.

30. The October 27, 2025 letter warned Allianz that continued failure to turn over the property would result in the commencement of a lawsuit seeking legal fees, costs, and sanctions.

31. Despite receiving both letters and being provided with copies of the final court orders denying the Debtor's exemption, Allianz has refused and continues to refuse to respond to the letters or to liquidate the Allianz IRA and turn over the proceeds to the Trustee.

32. Allianz has not provided any substantive response to the Trustee's demand or any explanation for its refusal to comply.

33. Upon information and belief, Allianz continues to hold the Allianz IRA in the name of the Debtor and has not taken any steps to liquidate the account or remit the proceeds to the Trustee.

34. As a result of Allianz' conduct, the bankruptcy estate has incurred at least $2,500 in professional fees and expenses directly attributable to the Trustee's efforts to recover the funds. Additional fees and expenses will be incurred as litigation continues.

COUNT I

TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

35. The Trustee incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. Section 542(a) of the Bankruptcy Code provides:

"Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may

use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate. 11 U.S.C. § 542(a).

37. The turnover provisions of Section 542 are self-executing and require no further court order to become effective. "In re Atl. Bus. & Cmty. Corp.", 901 F.2d 325, 329 (3d Cir. 1990). The automatic stay includes creditor protection. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally.

38. Allianz is an "entity" within the meaning of 11 U.S.C. § 101(15).

39. Allianz is in possession, custody, or control of the Allianz IRA, which is property of the Estate pursuant to 11 U.S.C. § 541(a).

40. The Allianz IRA is property that the Trustee may use, sell, or lease under 11 U.S.C. § 363.

41. The Allianz IRA is not of inconsequential value or benefit to the Estate.

42. None of the exceptions set forth in 11 U.S.C. § 542(c) or (d) apply to Allianz or the Allianz IRA.

43. Under Section 542(a), Allianz is required to deliver to the Trustee, and account for, the Allianz IRA and all proceeds thereof.

44. Allianz has failed and refused to comply with its obligations under Section 542(a).

45. The Trustee is entitled to an order directing Allianz to immediately turn over the Allianz IRA, or the proceeds thereof following liquidation, to the Trustee.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Trustee and against Allianz as follows:

a. Ordering Allianz forthwith to liquidate the Allianz 360 Annuity Contract No. 71480977 and deliver all proceeds thereof to the Trustee;

b. In the alternative, ordering Allianz to deliver possession and control of the Allianz 360 Annuity Contract No. 71480977 to the Trustee;

c. Ordering Allianz to provide a full accounting of all transactions, withdrawals, fees, and charges affecting the Allianz IRA from the petition date to the date of turnover;

d. Awarding the Trustee reasonable attorney fees and costs incurred in prosecuting this action; and

e. Granting such other and further relief as the Court deems just and proper.

## COUNT II

### VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

46. The Trustee incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. Upon the filing of the Debtor's bankruptcy petition on August 3, 2021, the automatic stay imposed by 11 U.S.C. § 362(a) became immediately effective.

48. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

49. The automatic stay is self-executing and requires no judicial action to be effective. *In re Rodriguez*, 629 B.R. 602, 606 (Bankr. E.D.N.Y. 2021).

50. Following the final denial of the Debtor's claimed exemption, the Allianz IRA became (or was confirmed to be) property of the Estate.

51. By retaining possession and control of the Allianz IRA and refusing to turn it over to the Trustee despite proper demand, Allianz is exercising control over property of the Estate in violation of 11 U.S.C. § 362(a)(3).

52. Allianz has been on notice of the bankruptcy case since at least August 3, 2021, when the Notice of Bankruptcy Case Filing was issued and sent to Allianz.  In addition, Allianz acknowledged the pending bankruptcy case.

53. Allianz has been on notice of the final orders denying the Debtor's exemption since at least October 6, 2025, when it received copies of the Bankruptcy Court Order and District Court Opinion and Order.

54. Despite this notice and despite clear demands for turnover, Allianz has willfully refused to comply with its obligations under the Bankruptcy Code.

55. Allianz's continued retention and exercise of control over the Allianz IRA constitutes a willful violation of the automatic stay under 11 U.S.C. § 362(a)(3).

56. As a result of Allianz's willful violation of the automatic stay, the Trustee is entitled to recover actual damages, including costs and attorney fees, pursuant to 11 U.S.C. § 362(k).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Trustee and against Allianz as follows:

a. Finding that Allianz has willfully violated the automatic stay imposed by 11 U.S.C. § 362(a)(3);

b. Awarding the Trustee actual damages caused by the violation, including reasonable attorney fees and costs incurred in prosecuting this action, pursuant to 11 U.S.C. § 362(k); and

c. Granting such other and further relief as the Court deems just and proper.

## COUNT III

## CIVIL CONTEMPT

57. The Trustee incorporates by reference paragraphs 1 through 56 as if fully set forth herein.

58. The Bankruptcy Court Order dated April 26, 2022, denying the Debtor's claimed exemption, is a final order of the Bankruptcy Court.

59. The District Court Order dated September 4, 2025, affirming the Bankruptcy Court Order, is a final order of the District Court with res judicata effect in the bankruptcy case.

60. These orders conclusively establish that the Allianz IRA is property of the Estate and not exempt property of the Debtor.

61. The turnover provisions of 11 U.S.C. § 542 and the automatic stay provisions of 11 U.S.C. § 362 have the force and effect of court orders.

62. Allianz has been provided with actual notice of these orders and their effect on the Allianz IRA.

63. Despite having actual knowledge of these orders and the legal requirements imposed by the Bankruptcy Code, Allianz has willfully and deliberately refused to comply.

64. Allianz's refusal to turn over the Allianz IRA constitutes civil contempt of the orders of this Court and the District Court.

65. This Court has the inherent power and the statutory authority under 11 U.S.C. § 105(a) to enforce compliance with its orders and the provisions of the Bankruptcy Code through its contempt powers.

66. Allianz should be held in civil contempt and ordered to comply with the turnover provisions of Section 542 and the automatic stay provisions of Section 362.

67. The Trustee has incurred and will continue to incur attorney fees, costs, and other damages as a result of Allianz's contemptuous conduct.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Trustee and against Allianz as follows:

a. Finding that Allianz is in civil contempt of Court for violating the orders of this Court, the orders of the District Court, and the provisions of 11 U.S.C. §§ 362 and 542;

b. Ordering Allianz to immediately comply with the turnover provisions of 11 U.S.C. § 542 by liquidating the Allianz IRA and delivering all proceeds to the Trustee;

c. Imposing sanctions against Allianz, including but not limited to coercive daily fines until compliance is achieved;

d. Awarding the Trustee compensatory damages, including all reasonable attorney fees and costs incurred in prosecuting this action, pursuant to 11 U.S.C. §§ 105(a) and 362(k); and

e. Granting such other and further relief as the Court deems just and proper.

DEMAND FOR RELIEF

WHEREFORE, Plaintiff Lynn E. Feldman, Esquire, as Chapter 7 Trustee, respectfully requests that this Court enter judgment in her favor and against Defendant Allianz Life Insurance Company of North America, and grant the following relief:

A. Ordering Allianz forthwith to liquidate Allianz 360 Annuity Contract No. 71480977 and deliver all proceeds thereof to the Trustee;

B. In the alternative, ordering Allianz to deliver possession and control of Allianz 360 Annuity Contract No. 71480977 to the Trustee;

C. Ordering Allianz to provide a complete accounting of all transactions affecting the Allianz IRA from August 3, 2021 to the date of turnover;

D.  Finding that Allianz has willfully violated the automatic stay under 11 U.S.C. § 362(a)(3);

E.  Finding that Allianz is in civil contempt of Court for violating the orders of this Court, the District Court, and the provisions of the Bankruptcy Code;

F.  Imposing appropriate sanctions against Allianz for its contempt, including coercive daily fines of $100 until compliance is achieved;

G.  Awarding the Trustee actual damages, compensatory damages, reasonable attorney fees, and costs incurred in prosecuting this action of no less than $2,500 pursuant to 11 U.S.C. §§ 105(a) and 362(k);

H.  Awarding pre-judgment and post-judgment interest as permitted by law; and

I.  Granting such other and further relief as the Court deems just and proper.

Dated:  November 4, 2025
        Philadelphia, Pennsylvania

                                        GELLERT SEITZ BUSENKELL & BROWN LLC

                                        By:    _/s/ Gary F. Seitz_____
                                               Gary F. Seitz (PA ID #52865)
                                               901 Market St., Ste 3020
                                               Philadelphia, PA 19107
                                               Telephone:  215-238-0011
                                               Facsimile:  215-238-0016
                                               gseitz@gsbblaw.com

                                        *Counsel to the Chapter 7 Trustee*

# EXHIBIT A



**GELLERT
SEITZ
BUSENKELL
❖ BROWN, LLC**

Gary F. Seitz
215.238.0011
gseitz@gsbblaw.com

October 6, 2025

By Fax To 763.582.6002
Allianz Life Insurance Company of North America
PO Box 59060
Minneapolis, MN 55459-0060

RE:        Stephanie Farber
           Allianz 360 Annuity Contract No. 71480977
           Chapter 7 bankruptcy 25-11180 (BLS)
           US Bankruptcy Court Eastern District of Pennsylvania

Greetings:

You will recall from our previous correspondence that we are counsel to Chapter 7 Bankruptcy
Trustee Lynn E. Feldman who is copied on this letter.  The captioned debtor in bankruptcy has an
annuity with Allianz.  The IRA is property of the bankruptcy estate.

Attached is an order of the court denying debtor's claim of exemption.  The debtor appealed the
decision of the bankruptcy court.  The appeal was denied in a decision dated September 4, 2025.
Attached is the decision affirming the order of the bankruptcy court denying debtor's claim of
exemption.  The time to appeal the decision has expired. The decision is now final.

Please immediately liquidate the annuity account and send the proceeds to the trustee at:

Trustee Lynn E. Feldman, Esquire
Feldman Law Offices, PC
2310 Walbert Ave.
Ste. 103
Allentown, PA 18104

1201 N. Orange Street, Suite 300
Wilmington, DE 19801
P. 302.425.5800  F. 302.425.5814

901 Market Street, Suite 3020
Philadelphia,PA 19107
P. 215.238.0010  F. 215.238.0016

www.GSBBLAW.com



America's Gardening
Resource, Inc.
October 6, 2025
Page 2

Let us know if you have any questions.

Very truly yours,

GELLERT SEITZ BUSENKELL & BROWN, LLC

Gary F. Seitz [DE Atty ID 4457]
gseitz@gsbblaw.com

cc: Trustee Lynn E. Feldman, Esquire

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 7 of the United
States Bankruptcy Code, entered on 08/03/2021
at 1:30 PM and filed on 08/03/2021.

**Stephanie Paula Farber**
3412 Lil Wolf Drive
Orefield, PA 18069
SSN / ITIN: xxx-xx-2829



The case was filed by the debtor's attorney:            The bankruptcy trustee is:

**CHARLES LAPUTKA**                                      **LYNN E. FELDMAN**
Laputka Law Office                                      Lynn E. Feldman, Trustee
1344 W. Hamilton St.                                    2310 Walbert Ave
Allentown, PA 18102                                     Ste 103
(610) 477-0155                                          Allentown, PA 18104
                                                        610-530-9285

The case was assigned case number 21-12147-pmm to Judge Patricia M. Mayer.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, United States
Bankruptcy Court, Office of the Clerk, Gateway Building, 201 Penn Street, 1st Floor, Reading, PA
19601.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Timothy B McGrath**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/16/2021 12:10:31 | | | |
| **PACER Login:** | garyseitz | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 21-12147-pmm |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt Court Order |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHANIE PAULA FARBER** | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 22-CV-1817** |
| **LYNN E. FELDMAN, ESQUIRE, As Chapter** | : | |
| **7 Trustee** | : | **Bankr. No. 21-12147** |

## <u>ORDER</u>

    **AND NOW**, this 4th day of September, 2025, upon consideration of the Debtor, Stephanie

Paula Farber's Appeal from the April 26, 2022 Opinion and Order of United States Bankruptcy

Judge Patricia Mayer sustaining the Objection of Bankruptcy Trustee Lynn E. Feldman to the

Debtor's Claim of Exemptions, it is hereby **ORDERED** that the April 26, 2022 Opinion and Order

is **AFFIRMED**.

                                          **BY THE COURT:**

                                     */s/  Mitchell S. Goldberg*

                                     **Mitchell S. Goldberg,     J.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| STEPHANIE PAULA FARBER | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 22-CV-1817** |
| LYNN E. FELDMAN, ESQUIRE, As Chapter | : | |
| 7 Trustee | : | **Bankr. No. 21-12147** |

## MEMORANDUM OPINION

**Goldberg, J.**                                                     **September 4, 2025**

Debtor Stephanie Paula Farber, has appealed from the April 26, 2022 Opinion and Order of United States Bankruptcy Judge Patricia Mayer sustaining the Bankruptcy Trustee's objection to the debtor's claimed exemption of her IRA, thereby disallowing the exemption. The threshold question presented to Judge Mayer was whether a traditional IRA in the debtor's name funded with monies from an inherited IRA was exempt from her bankruptcy estate under Section 522(d)(12) of the Bankruptcy Code. Because I find that it is not exempt, I will affirm Judge Mayer's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2021, the Bankruptcy Trustee, Lynn Feldman, filed an Objection to a Claim of Exemption filed by the debtor for an Individual Retirement Account (IRA) in her Chapter 7 proceeding. The trustee's objection alleges that the IRA "was inherited by the debtor and was set up on April 13, 2018," and thus is not exempt. (Bankr. No. 21-12147, Objection to Debtor's Claim of Exemption, ¶ 5). Although the debtor admitted in her response to the Objection that the IRA in question was inherited, in her brief in support of her appeal, she now submits that she did not make a trustee-to-trustee transfer into an account in the name of her deceased father, but rather "withdrew

the funds, via rollover, and utilized them to establish her own IRA for her retirement." (Civ. A.

No. 22-1817, Debtor's Am. Br. in Supp. of Bankr. App., 5-6). The debtor asserts that she opened

this IRA in her name alone some two-and-a-half years before she filed the present Chapter 7 case

on August 3, 2021. (Civ. A. No. 22-1817, Debtor's Am. Br., 3). Thus, she claims it is *not* an

inherited IRA and is an asset which should be exempt from distribution to her creditors by the

trustee. (Id.). (Bankr. No. 21-12147, ECF No. 20, ¶¶ 20, 24).

Following a hearing on the trustee's objection held on February 10, 2022, Judge Mayer

took the matter under advisement and subsequently issued its Opinion and Order on April 26, 2022

sustaining the objection. (Bankr. No. 21-12147, ECF Nos. 56, 57). This appeal followed.

**LEGAL STANDARDS**

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals "from final

judgments, orders, and decrees," and discretionary jurisdiction over "appeals from other

interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). In exercising its jurisdiction and

reviewing bankruptcy court orders, judgments and decrees, the district court reviews the

bankruptcy court's findings of fact for clear error and exercises plenary review over questions of

law. Lee v. 6209 Market Street, LLC, No. 23-2454, 2024 U.S. App. LEXIS 11837 at *3 (3d Cir.

May 16, 2024) (*per curiam*) (citing In re Giacchi, 856 F.3d 244, 247 (3d Cir. 2017)). As part of

this process, the court must "break down mixed questions of law and fact, applying the appropriate

standard to each component." Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992). A

mixed question of law and fact is found whenever a legal precept is applied to the sum of the facts

of a case. Id. A bankruptcy court's exercise of discretion is reviewed for abuse, In re Friedman's,

Inc., 738 F.3d 547, 552 (3d Cir. 2013), and it abuses its discretion when its ruling rests upon an

error of law or misapplication of law to the facts of the case.  In re O'Brien Envt'l Energy, Inc.,

188 F.3d 116, 122 (3d Cir. 1999).

**DISCUSSION**

This appeal raises a single issue: whether the Bankruptcy Court committed an error of law

in upholding the trustee's objection to the debtor's claim that her IRA was exempted from the

property of her bankruptcy estate.

At the time she filed her bankruptcy petition under Chapter 7 on August 3, 2021, the debtor

sought to exempt nearly all of her assets, including her IRA with Allianz (an annuity company)

from her estate, invoking the exemption listed under 11 U.S.C. § 522(d)(12):

> (d)   The following property may be exempted under subsection (b)(2) of this
> section:
>
> . . .
>
> (12)  Retirement funds to the extent that those funds are in a fund or account
> that is exempt from taxation under . . . 26 U.S.C. § 401, 403, 408, 408A, 414,
> 457, or 501(a)].

Individual Retirement Accounts are governed under the Internal Revenue Code by 26

U.S.C. § 408, and are defined in subsection (a) to mean:

> a trust created or organized in the United States for the exclusive benefit of an
> individual or his beneficiaries, but only if the written governing instrument creating
> the trust meets the following requirements:
>
> (1)  Except in the case of a rollover contribution, . . . no contribution will be
> accepted unless it is in cash, and contributions will not be accepted for the
> taxable year on behalf of any individual in excess of the amount in effect for
> such taxable year under . . . 26 U.S.C. § 219(b)(1)(A).
>
> (2)      The trustee is a bank . . . or such other person who demonstrates to the
> satisfaction of the Secretary that the manner in which such other person will
> administer the trust will be consistent with the requirements of this section.
>
> (3)  No part of the trust funds will be invested in life insurance contracts.

(4)  The interest of an individual in the balance in his account is nonforfeitable.

(5)  The assets of the trust will not be comingled with other property except in a common trust fund or common investment fund.

(6)  Under regulations prescribed by the Secretary, rules similar to the rules of . . . 26 U.S.C. § 401(a)(9) and the incidental death benefit requirements of . . . 26 U.S.C. § 401(a) shall apply to the distribution of the entire interest of an individual for whose benefit the trust is maintained.

Section 408 of the Code also recognizes that an IRA can be created as an annuity, which

is defined similarly in subsection (b) as:

An annuity contract, or an endowment contract (as determined under regulations prescribed by the Secretary), issued by an insurance company which meets the following requirements:

(1)  The contract is not transferable by the owner.

(2)  Under the contract –

(A) the premiums are not fixed,

(B) the annual premium on behalf of an individual will not exceed the dollar amount in effect under . . . 26 U.S.C. § 219(b)(1)(A), and

(C)  any refund of premiums will be applied before the close of the calendar year following the year of the refund toward the payment of future premiums or the purchase of additional benefits.

(3)  Under regulations prescribed by the Secretary, rules similar to the rules of . . . 26 U.S.C. § 401(a)(9) and the incidental death benefit requirements of . . . 26 U.S.C. § 401(a) shall apply to the distribution of the entire interest of the owner.

(4)  The entire interest of the owner is nonforfeitable.

. . .

Here, the debtor does not necessarily disagree with the trustee's position that an inherited

IRA is not exempted under the Bankruptcy Code, nor does she dispute that at one point she

4

inherited an IRA. ("Both Trustee and Debtor agree that when an individual inherits an IRA from anyone other than their deceased spouse, they cannot treat the 'inherited IRA' as their own for purposes of exemption under 11 USC § 522(d)(12). . . . The debtor did not make a trustee-to-trustee transfer into an account in the name of her deceased father [;] [s]he withdrew the funds, via rollover, and utilized them to establish her own IRA for her retirement.") (Appellant's Am. Br. in Support of Bkrptcy. App., 5-6). Nonetheless, the debtor now seeks to establish that the IRA is exempted because it is not the one she inherited. ("We disagree that the inherited IRA in question can be considered property of the bankruptcy estate as the inherited IRA ceased to exist in 2018 and a new IRA was formed by Debtor, thereafter.") (Appellant's Am. Br. in Support of Bkrptcy. App., 4). According to her counsel, "whatever she inherited and whatever she did, she is now presently in a qualified IRA since 2018." (Bankr. No. 21-12147, Hrg. Tr. 2/10/22, 9).

In response, the trustee argues that the debtor's IRA was originally funded in an amount in excess of the maximum allowed for annual contributions (as prescribed by 26 U.S.C. § 219(b)(1)(A)), and consequently, it is *not* a qualified IRA under the tax code, and therefore cannot trigger the § 522(d)(12) exemption. (*Id.*, 65; Trustee's Br., 1).

Under Fed. R. Bankr. P. 4003(c), " . . . the objecting party has the burden of proving that an exemption was not properly claimed." As the Third Circuit has explained:

> A claimed exemption is "presumptively valid" . . . Once an exemption has been claimed, it is the objecting party's burden (the trustee in this case) to prove that the exemption is not properly claimed. Initially this means that the objecting party has the burden of production and the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption. If the objecting party can produce evidence to rebut the presumption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. The burden of persuasion, however, always rests with the objecting party.

In re Scioli, 586 F. App'x 615, 616 (3d Cir. May 22, 2015) (citing In re Carter, 182 F.3d 1027, 1029 (9th Cir. 1999)).  "To prevail, the party objecting to a claimed exemption must prove the impropriety of the exemption by a preponderance of the evidence."  In re Davis, Civ. No. 12-919, 2013 U.S. Dist. LEXIS 2382 at *4 (W.D. Pa. Jan. 8, 2013).

It is clear "that when an individual inherits an IRA from anyone other than their deceased spouse, they cannot treat the 'inherited IRA' as their own for purposes of exemption under 11 U.S.C. § 522(d)(12)."  (Debtor's Am. Br., 5).  This is in keeping with the Supreme Court's decision in Clark v. Rameker, 573 U.S. 122 (2014), which held that "funds contained in an inherited individual retirement account (IRA)" do not "qualify as 'retirement funds' within the meaning of [the] bankruptcy exemption" set forth in 11 U.S.C. § 522(b)(3)(C), (d)(12).  In so holding, the Court found there were three legal characteristics of inherited IRAs which distinguished them from normal traditional and Roth IRAs:

> "First, the holder of an inherited IRA may never invest additional money in the account," thus obviating "the entire purpose of providing tax incentives for accountholders to contribute regularly and over time to their retirement savings." Id., 573 U.S. at 128.  "Second, holders of inherited IRAs are required to withdraw money from such accounts, no matter how many years they may be from retirement. . . . That the tax rules governing inherited IRAs routinely lead to their diminution over time, regardless of their holders' proximity to retirement, is hardly a feature one would expect of an account set aside for retirement." Id.  "Finally, the holder of an inherited IRA may withdraw the entire balance of the account at any time – and for any purpose – without penalty. . . .  Funds held in inherited IRAs accordingly constitute a 'pot of money that can be freely used for current consumption,' not funds objectively set aside for one's retirement."

Id. (quoting In re Clark, 714 F.3d 559, 561 (7th Cir. 2013)).

6

Here, although the debtor admitted at the bankruptcy hearing that "[t]he IRA was inherited by the debtor and was set up on April 13, 2018,"[1] her testimony seemed to contradict this admission.

The debtor testified she opened the IRA with Allianz[2] with $41,447 on April 13, 2018 using money from Wells Fargo. (Bankr. No. 21-12147, Hrg. Tr. 2/10/22, 55-56, ECF No. 55). Prior to that, she "believed" she took a $41,000 check from a Prudential account to Wells Fargo after getting a medallion put on it from her bank following her father's death in December 2017. (Id.). The debtor stated she didn't know what type of account it was at Prudential, but she used that check to open an IRA account in her name at Wells Fargo. (Id., 56-57). Thus, because the IRA now at issue was rolled into the Wells Fargo account more than three years before she filed her bankruptcy petition, she avers it is a qualified IRA which is exempt from distribution. (Id., 64-65).

Shawn Leayman, the Allianz representative, also testified at the bankruptcy court hearing. Leayman stated that on February 15, 2018, the debtor electronically signed paperwork to establish a traditional IRA annuity in her own name with Allianz in the initial amount of $41,447 using money she had at Wells Fargo. (Bankr. No. 21-12147, Hrg. Tr. 2/10/22, 21-28, ECF No. 55). Leayman did not know where the debtor got the money to fund the Allianz IRA, and while he was aware of the death of her father, he did not know how the money was titled at Wells Fargo. He explained:

---

[1] See Trustee's Objection to Debtor's Claim of Exemption, ¶ 5 ECF No. 20 and Debtor's Response thereto, ¶ 5, ECF No. 23 in Bankr. No. 21-12147.

[2] It appears from the testimony of Shawn Leayman, the Allianz representative who set up the Debtor's traditional IRA, that the IRA at issue is an IRA annuity. (Bankr. No. 21-12147, Hrg. Tr. 2/10/22, 14-15, ECF No. 55).

When she came to me she had money at Wells Fargo that she wanted to put into this vehicle and when we talked about it, I didn't see anything that would have told me that it was an inherited IRA in my professional opinion at the time because, again, you cannot place an inherited IRA into Stephanie Farber's name. So my professional opinion is that at Wells Fargo this was an IRA that was moved over to us in Stephanie Farber's name and it came over in like fashion, meaning it was an IRA in her name there.

(Id., 28-29).

Leayman was further questioned as follows:

Q.      So the inherited IRA was at Wells Fargo?

A.      Again, I'm making an assumption of that, right?  If –

Q.      Okay.  I don't want  you to assume.  I only want you to testify (sic) things about which you have personal knowledge.

A.      Okay.  The knowledge I have is that it was an IRA at Wells Fargo in her name that was moved over to me in the similar fashion.

Q.      And it was your understanding, from speaking with her, that the source of that IRA was an inheritance from her father who had passed away?

A.      Yes.

                        . . .

Q.      So this was death benefit proceeds from life insurance or an annuity?

A.      Yes.

Q.      And that described the source of the funds?

A.      Correct.

Q.      Did she have something to show you that, did she have a statement or anything like that?

A.      I'm going off of memory from back then, I reached out to Allianz as well, and we have on file that it was sent from Wells Fargo to us and we sent to the transfer paperwork to them.  The important part of that is, is that the only way that that transfer could have been completed would be that that was in Stephanie Farber's name.  It would have been rejected otherwise.

8

(Id., 29-30).

. . .

Q.    And transfer paperwork, what does that consist of?  I don't see anything in
here that would indicate transfer.

A.    So transfer paperwork is something that gets sent over to Allianz that's
outside of the application.  That gets sent to Allianz, then sent to Wells Fargo, and
again, this is what I was referencing.  Those transfer paperwork would have been
rejected when received at Wells Fargo if it would have been an inherited IRA or an
IRA in her father's name.  Obviously, the name wouldn't have matched, they'd
have said we have an account here for Stephanie Farber we cannot move in her
father's name.

Q.    If she was the recipient of an inheritance from her father in the amount of
$44,000, could she have put that into an IRA?

A.    If she inherited 44 – well there's IRA stipulations, right?  So a person could
only put so much in a year, that being $7,000, so to answer the question, that answer
would be, no.

(Id., 31).

The trustee presented an expert witness, Charles Persing, a Certified Public Accountant
who is certified in financial forensics and is a Certified Fraud Examiner, Insolvency and
Restructuring Advisor, and Certified Valuation Analyst.  (Id., 40).  Mr. Persing testified that based
on the information he was provided regarding how this annuity contract was created, it was his
opinion that the Allianz IRA annuity was not a qualified IRA as of the date of the debtor's petition
because "if this was a death benefit annuity that was not hers, and either in her father's IRA or just
a death benefit that came directly to her outside of an IRA, she could not start a new IRA with
$41,000."  (Id., 44-49, 51, 53).

After hearing this evidence, Judge Mayer concluded the IRA was not inherited but was not
exempt.  I must review Judge Mayer's findings of fact for clear error and exercise plenary review
over questions of law.  Under the clearly erroneous standard of review, "'a finding is 'clearly
erroneous' when although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed.'" <u>Alimbaev v.
Atty. Gen'l of the United States</u>, 872 F.3d 188, 195 (3d Cir. 2017) (quoting <u>United States v.
Gypsum Co.</u>, 333 U.S. 364, 395 (1948)).  "'"Where there are two permissible views of the evidence,
the factfinder's choice between them cannot be clearly erroneous,' and where the disputed finding
of fact is a credibility finding, 'even greater deference' is owed, 'for only the factfinder can be
aware of the variations in demeanor and tone of voice that bear so heavily on the listener's
understanding of and belief in what is said.'" <u>Id</u>. (quoting <u>Anderson v. City of Bessemer</u>, 470 U.S.
564, 573 (1985)).  In other words, the clearly erroneous standard "does not entitle a reviewing
court to reverse the finding of the trier of fact simply because it is convinced that it would have
decided the case differently."  <u>Id</u>.    Plenary review requires the court to review legal questions
without giving deference to the bankruptcy court's assessment or interpretation.  <u>United States v.
Caraballo</u>, 88 F.4th 239, 243 (3d Cir. 2023).

After hearing and observing the witnesses' testimony in the hearing, Judge Mayer found
Shawn Leayman's testimony to lack probative value given that he did not know where the money
in question came from to establish the Allianz IRA.  Conversely, Judge Mayer accepted the
testimony of the Trustee's expert witness Charles Persing, CPA, that because he was unaware of
any pre-existing IRA in the debtor's name alone, the most she could have contributed to establish
a valid IRA in 2018 was $6,000 to $7,000.  (Bankr. No. 21-12147, 4/26/22 Opinion, 5-6).  These
conclusions are far from "clearly erroneous."

Judge Mayer noted the debtor testified that when her father died in December 2017, he had
an account at Prudential Life Insurance in which he left her an interest, she did not know what type
of account it was, but after securing a medallion signature from Wells Fargo (her bank), she
received a $41,000 check that she took to Wells Fargo and used those funds to set up an IRA in

her own name.  (Id., at 6, citing Hrg. Tr. at 55-57).  She then rolled the Wells Fargo IRA into the
Allianz IRA annuity.  (Id.).

Based upon this testimony, Judge Mayer found that the debtor was not seeking to exempt
an inherited IRA, but this did not mean that it was properly exempted.  Rather, the evidence
"call[ed] into question the tax-exempt status of the original IRA at Wells Fargo" such that "[i]f
that account is not tax-exempt, then neither is the individual retirement annuity at Allianz [and]
[t]hat would likewise mean that the annuity is not exempt from the bankruptcy estate."  (Id.).
In resolving that issue, Judge Mayer purposely looked to 26 U.S.C. § 408(b)(2)(B), under which
an IRA annuity's validity is premised upon the limitation of the annual premium on behalf of an
individual.  To be valid, that premium cannot exceed the dollar amount in effect under 26 U.S.C.
§ 219(b)(1)(A).  For taxpayers of Farber's age (52) in 2018, that amount was $6,500, including
"catch-up contributions."  (Id. at 7-9).  By the debtor's own admission, she took the entire $41,000
which she received from Prudential and used it to open an account or IRA at Wells Fargo.  Even
crediting the debtor's belief that the Wells Fargo account was indeed an IRA, $41,000 was well in
excess of the maximum premium amount allowable in 2018 for contribution to an IRA, and thus
even if it was designated as an IRA, it was invalid.  I therefore find no error in Judge Mayer's
finding on this issue.

The trustee also argued that in opening the Wells Fargo IRA in an amount which exceeded
the maximum annual contribution limit, the debtor engaged in a "prohibited transaction" under
IRC § 408 which disqualified the account from tax exempt status and rendered it "nothing more
than a cash account which she may not exempt from the bankruptcy estate."  (Id., at 10 (citing Hrg.
Tr. 2/10/22, at 64).  Under § 408(e)(1), "[a]ny individual retirement account is exempt from
taxation under this subtitle [26 U.S.C. § 1 *et. seq.*] unless such account has ceased to be an

11

individual retirement account by reason of paragraph (2) or (3). . . ." Paragraph 2, in turn provides in relevant part:

> **(A)** In general.  If, during any taxable year of the individual for whose benefit any individual retirement account is established, that individual or beneficiary engages in any transaction prohibited by . . . 26 U.S.C. § 4975 with respect to such account, such account ceases to be an individual retirement account as of the first day of such taxable year. . . .

"Prohibited transactions" are defined in Section 4975(c) as meaning "any direct or indirect" –

> (A)  sale or exchange, or leasing, of any property between a plan and a disqualified person;

> (B)  lending of money or other extension of credit between a plan and a disqualified person;

> (C)  furnishing of goods, services, or facilities between a plan and a disqualified person;

> (D)  transfer to, or use by or for the benefit of, a disqualified person of the income or assets of a plan;

> (E)  act by a disqualified person who is a fiduciary whereby he deals with the income or assets of a plan in his own interest or for his own account; or

> (F)  receipt of any consideration for his own personal account by any disqualified person who is a fiduciary from any party dealing with the plan in connection with a transaction involving the income or assets of the plan.

In applying the foregoing criteria to this case, Judge Mayer found that the debtor's only alleged wrongdoing was her contribution of too much money into her own IRA account, and thus she did not engage in a prohibited transaction under § 4975.  The record in this matter is in accord and I once again agree with the bankruptcy judge's factual findings and legal conclusions on this point.

Finally, to determine whether the debtor's Allianz IRA annuity  qualified as "a fund or account that is exempt from taxation under . . . section 408," and was thereby exempted from the bankruptcy estate under 11 U.S.C. § 522(b)(2), Judge Mayer examined the tax consequences under

the Internal Revenue Code of contributing more than the prescribed annual amounts to an IRA.  In

so doing and after determining that Section 4973 of the IRC, 26 U.S.C. § 4973(a)(3), imposes a

6% annual tax "of the amount of the excess contributions to such individual's accounts or

annuities,"  Judge Mayer found that notwithstanding that it may have been originally created at

Wells Fargo and subsequently "rolled over" to Allianz several years before the filing of the

bankruptcy petition, the IRA in question could never qualify as an IRA for exemption purposes

under the bankruptcy code because "the excess contribution gave rise to tax liability and precluded

the tax-exempt status of the account beyond the $6,500.00 limit." (Id., at 16).  "Neither the rollover

of the annuity nor the passage of time affected this status," and "by definition then, the Debtor's

current IRA is not tax exempt."  (Id.) (citing Mangan v. Brainard, 652 B.R. 1, 10 (Bankr. Conn.

2023) ("Because funds contributed in excess of the yearly limit are not exempt from taxation under

§ 408(a), they cannot be exempted by a bankruptcy debtor under § 522(d)(12)."); In re Cherwenka,

508 B.R. 228, 241 (Bankr. N.D. Ga. 2014) (annuity held disqualified from tax exempt status where

the debtor's 2003 contributions in the amounts of $250,000 and $100,000 greatly exceeded the

statutorily prescribed limit of $3,000 for that year); In re Ludwig, 345 B.R. 310, 317 (Bankr. D.

Colo. 2006) (Debtor's claimed exemption for annuity disallowed in part because annuity exceeded

annual contribution limit); In re Rogers, 222 B.R. 348, 350 (Bankr. S.D. Cal. 1998) (holding lump

sum premium payment for debtor's annuity contract "far exceeded" former $2,000 annual limit)).

In view of the language of Section 522(d)(12), providing that retirement funds may be

exempted only "to the extent that those funds are in a fund or account that is exempt from taxation

. . . under 26 U.S.C. §§ 401, 403, 408, 408A. 414, 457, or 501(a)," and given that the Wells Fargo

IRA, if it in fact was an IRA, could not have been opened in an amount in excess of $6,500 in

2018, I agree with Judge Mayer's ruling that it was not a "qualified" or tax exempt IRA.  Thus,

13

even giving the benefit of the doubt to the debtor that she "rolled over" an IRA at Wells Fargo into the Allianz IRA annuity on April 13, 2018, that rollover did nothing to render any of the funds in that annuity validly exempt from taxation or from her bankruptcy estate.

For all of the above reasons, I will affirm the April 26, 2022 Order of the Bankruptcy Court, and uphold the disallowance of the debtor's Allianz IRA.

An appropriate Order follows.

# EXHIBIT B

**GSB**

**GELLERT**
**SEITZ**
**BUSENKELL**
**◆ BROWN, LLC**

Gary F. Seitz
215.238.0011
gseitz@gsbblaw.com

October 27, 2025

By Fax To 763.582.6002
Allianz Life Insurance Company of North America
**Attn: Chief Legal Officer Kristine Marie Lord-Krahn**

RE:          Stephanie Farber
             Allianz 360 Annuity Contract No. 71480977
             Chapter 7 bankruptcy 25-11180 (BLS)
             US Bankruptcy Court Eastern District of Pennsylvania

Greetings:

We are following up with respect to our letter of October 6, 2025 which has not been answered.
Copy enclosed.

We are counsel to Chapter 7 Bankruptcy Trustee Lynn E. Feldman who is copied on this letter.
The captioned debtor in bankruptcy has an annuity with Allianz.  The IRA is property of the
bankruptcy estate.

We attach again an order of the court denying debtor's claim of exemption.  The debtor appealed
the decision of the bankruptcy court.  The appeal was denied in a decision dated September 4,
2025. Attached is another copy of the decision affirming the order of the bankruptcy court
denying debtor's claim of exemption.  The time to appeal the decision has expired. The decision is
now final.

The account balance is property of the bankruptcy estate. Section 542 of the Bankruptcy Code
makes clear that any entity is required to deliver property of the estate to the trustee during the
case.   Under Bankruptcy Code § 542, a trustee has the right to demand the turnover of any
property belonging to the estate that is held by another entity.  Your failure to do so since October
6, 2025 is a violation of the Bankruptcy Court orders and the automatic stay.  See, 11 U.S.C.
§542(a).  The court orders are otherwise self-effectuating.  Your failure to comply amounts to
contempt.

Please immediately liquidate the annuity account and send the proceeds to the trustee at:

1201 N. Orange Street, Suite 300                          901 Market Street, Suite 3020
Wilmington, DE 19801                                  Philadelphia,PA 19107
P. 302.425.5800  F. 302.425.5814                          P. 215.238.0010  F. 215.238.0016

**www.GSBBLAW.com**



Allianz Life
October 27, 2025
Page 2

Trustee Lynn E. Feldman, Esquire
Feldman Law Offices, PC
2310 Walbert Ave.
Ste. 103
Allentown, PA 18104

If the funds are not immediately turned over, we are instructed to commence a lawsuit against your company and seek legal fees, costs and sanctions for violation of the stay.

Let us know if you have any questions.

Very truly yours,

GELLERT SEITZ BUSENKELL & BROWN, LLC

Gary F. Seitz [DE Atty ID 4457]
gseitz@gsbblaw.com

cc: Trustee Lynn E. Feldman, Esquire



GELLERT
SEITZ
BUSENKELL
◆ BROWN, LLC

Gary F. Seitz
215.238.0011
gseitz@gsbblaw.com


October 6, 2025

By Fax To 763.582.6002
Allianz Life Insurance Company of North America
PO Box 59060
Minneapolis, MN 55459-0060


RE:         Stephanie Farber
            Allianz 360 Annuity Contract No. 71480977
            Chapter 7 bankruptcy 25-11180 (BLS)
            US Bankruptcy Court Eastern District of Pennsylvania


Greetings:

You will recall from our previous correspondence that we are counsel to Chapter 7 Bankruptcy
Trustee Lynn E. Feldman who is copied on this letter. The captioned debtor in bankruptcy has an
annuity with Allianz. The IRA is property of the bankruptcy estate.

Attached is an order of the court denying debtor's claim of exemption. The debtor appealed the
decision of the bankruptcy court. The appeal was denied in a decision dated September 4, 2025.
Attached is the decision affirming the order of the bankruptcy court denying debtor's claim of
exemption. The time to appeal the decision has expired. The decision is now final.

Please immediately liquidate the annuity account and send the proceeds to the trustee at:

Trustee Lynn E. Feldman, Esquire
Feldman Law Offices, PC
2310 Walbert Ave.
Ste. 103
Allentown, PA 18104


1201 N. Orange Street, Suite 300                    901 Market Street, Suite 3020
Wilmington, DE 19801                             Philadelphia,PA 19107
P. 302.425.5800  F. 302.425.5814                 P. 215.238.0010  F. 215.238.0016

www.GSBBLAW.com



America's Gardening
Resource, Inc.
October 6, 2025
Page 2

Let us know if you have any questions.

Very truly yours,

GELLERT SEITZ BUSENKELL & BROWN, LLC

Gary F. Seitz [DE Atty ID 4457]
gseitz@gsbblaw.com

cc: Trustee Lynn E. Feldman, Esquire

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 7 of the United
States Bankruptcy Code, entered on 08/03/2021
at 1:30 PM and filed on 08/03/2021.



**Stephanie Paula Farber**
3412 Lil Wolf Drive
Orefield, PA 18069
SSN / ITIN: xxx-xx-2829

The case was filed by the debtor's attorney:          The bankruptcy trustee is:

**CHARLES LAPUTKA**                                   **LYNN E. FELDMAN**
Laputka Law Office                                    Lynn E. Feldman, Trustee
1344 W. Hamilton St.                                  2310 Walbert Ave
Allentown, PA 18102                                   Ste 103
(610) 477-0155                                        Allentown, PA 18104
                                                      610-530-9285

The case was assigned case number 21-12147-pmm to Judge Patricia M. Mayer.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, United States
Bankruptcy Court, Office of the Clerk, Gateway Building, 201 Penn Street, 1st Floor, Reading, PA
19601.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Timothy B McGrath
Clerk, U.S. Bankruptcy
Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/16/2021 12:10:31 | | | |
| **PACER Login:** | garyseitz | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 21-12147-pmm |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt Court Order |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHANIE PAULA FARBER** | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 22-CV-1817** |
| **LYNN E. FELDMAN, ESQUIRE, As Chapter** | : | |
| **7 Trustee** | : | **Bankr. No. 21-12147** |

## ORDER

**AND NOW**, this 4th day of September, 2025, upon consideration of the Debtor, Stephanie Paula Farber's Appeal from the April 26, 2022 Opinion and Order of United States Bankruptcy Judge Patricia Mayer sustaining the Objection of Bankruptcy Trustee Lynn E. Feldman to the Debtor's Claim of Exemptions, it is hereby **ORDERED** that the April 26, 2022 Opinion and Order is **AFFIRMED**.

BY THE COURT:


*/s/  Mitchell S. Goldberg*

_____
**Mitchell S. Goldberg,          J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHANIE PAULA FARBER       :

      :       **CIVIL ACTION**

      v.       :

      :       **NO. 22-CV-1817**

LYNN E. FELDMAN, ESQUIRE, As Chapter    :

7 Trustee       :       **Bankr. No. 21-12147**


## MEMORANDUM OPINION

**Goldberg, J.**                                           **September 4, 2025**

      Debtor Stephanie Paula Farber, has appealed from the April 26, 2022 Opinion and Order of United States Bankruptcy Judge Patricia Mayer sustaining the Bankruptcy Trustee's objection to the debtor's claimed exemption of her IRA, thereby disallowing the exemption. The threshold question presented to Judge Mayer was whether a traditional IRA in the debtor's name funded with monies from an inherited IRA was exempt from her bankruptcy estate under Section 522(d)(12) of the Bankruptcy Code. Because I find that it is not exempt, I will affirm Judge Mayer's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

      On October 5, 2021, the Bankruptcy Trustee, Lynn Feldman, filed an Objection to a Claim of Exemption filed by the debtor for an Individual Retirement Account (IRA) in her Chapter 7 proceeding. The trustee's objection alleges that the IRA "was inherited by the debtor and was set up on April 13, 2018," and thus is not exempt. (Bankr. No. 21-12147, Objection to Debtor's Claim of Exemption, ¶ 5). Although the debtor admitted in her response to the Objection that the IRA in question was inherited, in her brief in support of her appeal, she now submits that she did not make a trustee-to-trustee transfer into an account in the name of her deceased father, but rather "withdrew

1

the funds, via rollover, and utilized them to establish her own IRA for her retirement." (Civ. A.

No. 22-1817, Debtor's Am. Br. in Supp. of Bankr. App., 5-6). The debtor asserts that she opened

this IRA in her name alone some two-and-a-half years before she filed the present Chapter 7 case

on August 3, 2021. (Civ. A. No. 22-1817, Debtor's Am. Br., 3). Thus, she claims it is *not* an

inherited IRA and is an asset which should be exempt from distribution to her creditors by the

trustee. (Id.). (Bankr. No. 21-12147, ECF No. 20, ¶¶ 20, 24).

Following a hearing on the trustee's objection held on February 10, 2022, Judge Mayer

took the matter under advisement and subsequently issued its Opinion and Order on April 26, 2022

sustaining the objection. (Bankr. No. 21-12147, ECF Nos. 56, 57). This appeal followed.

**LEGAL STANDARDS**

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals "from final

judgments, orders, and decrees," and discretionary jurisdiction over "appeals from other

interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). In exercising its jurisdiction and

reviewing bankruptcy court orders, judgments and decrees, the district court reviews the

bankruptcy court's findings of fact for clear error and exercises plenary review over questions of

law. Lee v. 6209 Market Street, LLC, No. 23-2454, 2024 U.S. App. LEXIS 11837 at *3 (3d Cir.

May 16, 2024) (*per curiam*) (citing In re Giacchi, 856 F.3d 244, 247 (3d Cir. 2017)). As part of

this process, the court must "break down mixed questions of law and fact, applying the appropriate

standard to each component." Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992). A

mixed question of law and fact is found whenever a legal precept is applied to the sum of the facts

of a case. Id. A bankruptcy court's exercise of discretion is reviewed for abuse, In re Friedman's,

Inc., 738 F.3d 547, 552 (3d Cir. 2013), and it abuses its discretion when its ruling rests upon an

error of law or misapplication of law to the facts of the case.  In re O'Brien Envt'l Energy, Inc.,

188 F.3d 116, 122 (3d Cir. 1999).

**DISCUSSION**

This appeal raises a single issue: whether the Bankruptcy Court committed an error of law

in upholding the trustee's objection to the debtor's claim that her IRA was exempted from the

property of her bankruptcy estate.

At the time she filed her bankruptcy petition under Chapter 7 on August 3, 2021, the debtor

sought to exempt nearly all of her assets, including her IRA with Allianz (an annuity company)

from her estate, invoking the exemption listed under 11 U.S.C. § 522(d)(12):

> (d)   The following property may be exempted under subsection (b)(2) of this
> section:
>
>      . . .
>
> (12)  Retirement funds to the extent that those funds are in a fund or account
> that is exempt from taxation under . . . 26 U.S.C. § 401, 403, 408, 408A, 414,
> 457, or 501(a)].

Individual Retirement Accounts are governed under the Internal Revenue Code by 26

U.S.C. § 408, and are defined in subsection (a) to mean:

> a trust created or organized in the United States for the exclusive benefit of an
> individual or his beneficiaries, but only if the written governing instrument creating
> the trust meets the following requirements:
>
> (1)  Except in the case of a rollover contribution, . . . no contribution will be
> accepted unless it is in cash, and contributions will not be accepted for the
> taxable year on behalf of any individual in excess of the amount in effect for
> such taxable year under . . . 26 U.S.C. § 219(b)(1)(A).
>
> (2)      The trustee is a bank . . . or such other person who demonstrates to the
> satisfaction of the Secretary that the manner in which such other person will
> administer the trust will be consistent with the requirements of this section.
>
> (3)  No part of the trust funds will be invested in life insurance contracts.

3

(4)  The interest of an individual in the balance in his account is nonforfeitable.

(5)  The assets of the trust will not be comingled with other property except in a common trust fund or common investment fund.

(6)  Under regulations prescribed by the Secretary, rules similar to the rules of . . . 26 U.S.C. § 401(a)(9) and the incidental death benefit requirements of . . . 26 U.S.C. § 401(a) shall apply to the distribution of the entire interest of an individual for whose benefit the trust is maintained.

Section 408 of the Code also recognizes that an IRA can be created as an annuity, which

is defined similarly in subsection (b) as:

An annuity contract, or an endowment contract (as determined under regulations prescribed by the Secretary), issued by an insurance company which meets the following requirements:

(1)  The contract is not transferable by the owner.

(2)  Under the contract –

(A) the premiums are not fixed,

(B) the annual premium on behalf of an individual will not exceed the dollar amount in effect under . . . 26 U.S.C. § 219(b)(1)(A), and

(C)  any refund of premiums will be applied before the close of the calendar year following the year of the refund toward the payment of future premiums or the purchase of additional benefits.

(3)  Under regulations prescribed by the Secretary, rules similar to the rules of . . . 26 U.S.C. § 401(a)(9) and the incidental death benefit requirements of . . . 26 U.S.C. § 401(a) shall apply to the distribution of the entire interest of the owner.

(4)  The entire interest of the owner is nonforfeitable.

. . .

Here, the debtor does not necessarily disagree with the trustee's position that an inherited

IRA is not exempted under the Bankruptcy Code, nor does she dispute that at one point she

4

inherited an IRA.  ("Both Trustee and Debtor agree that when an individual inherits an IRA from anyone other than their deceased spouse, they cannot treat the 'inherited IRA' as their own for purposes of exemption under 11 USC § 522(d)(12). . . . The debtor did not make a trustee-to-trustee transfer into an account in the name of her deceased father [;] [s]he withdrew the funds, via rollover, and utilized them to establish her own IRA for her retirement.")  (Appellant's Am. Br. in Support of Bkrptcy. App., 5-6).  Nonetheless, the debtor now seeks to establish that the IRA is exempted because it is not the one she inherited.  ("We disagree that the inherited IRA in question can be considered property of the bankruptcy estate as the inherited IRA ceased to exist in 2018 and a new IRA was formed by Debtor, thereafter.") (Appellant's Am. Br. in Support of Bkrptcy. App., 4).  According to her counsel, "whatever she inherited and whatever she did, she is now presently in a qualified IRA since 2018."  (Bankr. No. 21-12147, Hrg. Tr. 2/10/22, 9).

In response, the trustee argues that the debtor's IRA was originally funded in an amount in excess of the maximum allowed for annual contributions (as prescribed by 26 U.S.C. § 219(b)(1)(A)), and consequently, it is *not* a qualified IRA under the tax code, and therefore cannot trigger the § 522(d)(12) exemption.  (*Id.*, 65; Trustee's Br., 1).

Under Fed. R. Bankr. P. 4003(c), " . . . the objecting party has the burden of proving that an exemption was not properly claimed."  As the Third Circuit has explained:

> A claimed exemption is "presumptively valid" . . . Once an exemption has been claimed, it is the objecting party's burden (the trustee in this case) to prove that the exemption is not properly claimed.  Initially this means that the objecting party has the burden of production and the burden of persuasion.  The objecting party must produce evidence to rebut the presumptively valid exemption.  If the objecting party can produce evidence to rebut the presumption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper.  The burden of persuasion, however, always rests with the objecting party.

In re Scioli, 586 F. App'x 615, 616 (3d Cir. May 22, 2015) (citing In re Carter, 182 F.3d 1027,

1029 (9th Cir. 1999)).  "To prevail, the party objecting to a claimed exemption must prove the

impropriety of the exemption by a preponderance of the evidence."  In re Davis, Civ. No. 12-919,

2013 U.S. Dist. LEXIS 2382 at *4 (W.D. Pa. Jan. 8, 2013).

It is clear "that when an individual inherits an IRA from anyone other than their deceased

spouse, they cannot treat the 'inherited IRA' as their own for purposes of exemption under 11

U.S.C. § 522(d)(12)."  (Debtor's Am. Br., 5).  This is in keeping with the Supreme Court's decision

in Clark v. Rameker, 573 U.S. 122 (2014), which held that "funds contained in an inherited

individual retirement account (IRA)" do not "qualify as 'retirement funds' within the meaning of

[the] bankruptcy exemption" set forth in 11 U.S.C. § 522(b)(3)(C), (d)(12).  In so holding, the

Court found there were three legal characteristics of inherited IRAs which distinguished them from

normal traditional and Roth IRAs:

> "First, the holder of an inherited IRA may never invest additional money in the
> account," thus obviating "the entire purpose of providing tax incentives for
> accountholders to contribute regularly and over time to their retirement savings."
> Id., 573 U.S. at 128.  "Second, holders of inherited IRAs are required to withdraw
> money from such accounts, no matter how many years they may be from retirement.
> . . . That the tax rules governing inherited IRAs routinely lead to their diminution
> over time, regardless of their holders' proximity to retirement, is hardly a feature
> one would expect of an account set aside for retirement."  Id.  "Finally, the holder
> of an inherited IRA may withdraw the entire balance of the account at any time –
> and for any purpose – without penalty. . . .  Funds held in inherited IRAs
> accordingly constitute a 'pot of money that can be freely used for current
> consumption,' not funds objectively set aside for one's retirement."

Id. (quoting In re Clark, 714 F.3d 559, 561 (7th Cir. 2013)).

6

Here, although the debtor admitted at the bankruptcy hearing that "[t]he IRA was inherited by the debtor and was set up on April 13, 2018,"[1] her testimony seemed to contradict this admission.

The debtor testified she opened the IRA with Allianz[2] with $41,447 on April 13, 2018 using money from Wells Fargo. (Bankr. No. 21-12147, Hrg. Tr. 2/10/22, 55-56, ECF No. 55). Prior to that, she "believed" she took a $41,000 check from a Prudential account to Wells Fargo after getting a medallion put on it from her bank following her father's death in December 2017. (Id.). The debtor stated she didn't know what type of account it was at Prudential, but she used that check to open an IRA account in her name at Wells Fargo. (Id., 56-57). Thus, because the IRA now at issue was rolled into the Wells Fargo account more than three years before she filed her bankruptcy petition, she avers it is a qualified IRA which is exempt from distribution. (Id., 64-65).

Shawn Leayman, the Allianz representative, also testified at the bankruptcy court hearing. Leayman stated that on February 15, 2018, the debtor electronically signed paperwork to establish a traditional IRA annuity in her own name with Allianz in the initial amount of $41,447 using money she had at Wells Fargo. (Bankr. No. 21-12147, Hrg. Tr. 2/10/22, 21-28, ECF No. 55). Leayman did not know where the debtor got the money to fund the Allianz IRA, and while he was aware of the death of her father, he did not know how the money was titled at Wells Fargo. He explained:

---

[1] See Trustee's Objection to Debtor's Claim of Exemption, ¶ 5 ECF No. 20 and Debtor's Response thereto, ¶ 5, ECF No. 23 in Bankr. No. 21-12147.

[2] It appears from the testimony of Shawn Leayman, the Allianz representative who set up the Debtor's traditional IRA, that the IRA at issue is an IRA annuity. (Bankr. No. 21-12147, Hrg. Tr. 2/10/22, 14-15, ECF No. 55).

7

When she came to me she had money at Wells Fargo that she wanted to put into
this vehicle and when we talked about it, I didn't see anything that would have told
me that it was an inherited IRA in my professional opinion at the time because,
again, you cannot place an inherited IRA into Stephanie Farber's name. So my
professional opinion is that at Wells Fargo this was an IRA that was moved over to
us in Stephanie Farber's name and it came over in like fashion, meaning it was an
IRA in her name there.

(Id., 28-29).

Leayman was further questioned as follows:

Q.      So the inherited IRA was at Wells Fargo?

A.      Again, I'm making an assumption of that, right?  If –

Q.      Okay.  I don't want  you to assume.  I only want you to testify (sic) things
about which you have personal knowledge.

A.      Okay.  The knowledge I have is that it was an IRA at Wells Fargo in her
name that was moved over to me in the similar fashion.

Q.      And it was your understanding, from speaking with her, that the source of
that IRA was an inheritance from her father who had passed away?

A.      Yes.

                . . .

Q.      So this was death benefit proceeds from life insurance or an annuity?

A.      Yes.

Q.      And that described the source of the funds?

A.      Correct.

Q.      Did she have something to show you that, did she have a statement or
anything like that?

A.      I'm going off of memory from back then, I reached out to Allianz as well,
and we have on file that it was sent from Wells Fargo to us and we sent to the
transfer paperwork to them.  The important part of that is, is that the only way that
that transfer could have been completed would be that that was in Stephanie
Farber's name.  It would have been rejected otherwise.

(<u>Id</u>., 29-30).

       . . .

    Q.    And transfer paperwork, what does that consist of?  I don't see anything in here that would indicate transfer.

    A.    So transfer paperwork is something that gets sent over to Allianz that's outside of the application.  That gets sent to Allianz, then sent to Wells Fargo, and again, this is what I was referencing.  Those transfer paperwork would have been rejected when received at Wells Fargo if it would have been an inherited IRA or an IRA in her father's name.  Obviously, the name wouldn't have matched, they'd have said we have an account here for Stephanie Farber we cannot move in her father's name.

    Q.    If she was the recipient of an inheritance from her father in the amount of $44,000, could she have put that into an IRA?

    A.    If she inherited 44 – well there's IRA stipulations, right?  So a person could only put so much in a year, that being $7,000, so to answer the question, that answer would be, no.

(<u>Id</u>., 31).

    The trustee presented an expert witness, Charles Persing, a Certified Public Accountant who is certified in financial forensics and is a Certified Fraud Examiner, Insolvency and Restructuring Advisor, and Certified Valuation Analyst.  (<u>Id</u>., 40).  Mr. Persing testified that based on the information he was provided regarding how this annuity contract was created, it was his opinion that the Allianz IRA annuity was not a qualified IRA as of the date of the debtor's petition because "if this was a death benefit annuity that was not hers, and either in her father's IRA or just a death benefit that came directly to her outside of an IRA, she could not start a new IRA with $41,000."  (<u>Id</u>., 44-49, 51, 53).

    After hearing this evidence, Judge Mayer concluded the IRA was not inherited but was not exempt.  I must review Judge Mayer's findings of fact for clear error and exercise plenary review over questions of law.  Under the clearly erroneous standard of review, "'a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed.'" <u>Alimbaev v.</u>
<u>Atty. Gen'l of the United States</u>, 872 F.3d 188, 195 (3d Cir. 2017) (quoting <u>United States v.</u>
<u>Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). "'Where there are two permissible views of the evidence,
the factfinder's choice between them cannot be clearly erroneous,' and where the disputed finding
of fact is a credibility finding, 'even greater deference' is owed, 'for only the factfinder can be
aware of the variations in demeanor and tone of voice that bear so heavily on the listener's
understanding of and belief in what is said.'" <u>Id</u>. (quoting <u>Anderson v. City of Bessemer</u>, 470 U.S.
564, 573 (1985)). In other words, the clearly erroneous standard "does not entitle a reviewing
court to reverse the finding of the trier of fact simply because it is convinced that it would have
decided the case differently." <u>Id</u>. Plenary review requires the court to review legal questions
without giving deference to the bankruptcy court's assessment or interpretation. <u>United States v.</u>
<u>Caraballo</u>, 88 F.4th 239, 243 (3d Cir. 2023).

After hearing and observing the witnesses' testimony in the hearing, Judge Mayer found
Shawn Leayman's testimony to lack probative value given that he did not know where the money
in question came from to establish the Allianz IRA. Conversely, Judge Mayer accepted the
testimony of the Trustee's expert witness Charles Persing, CPA, that because he was unaware of
any pre-existing IRA in the debtor's name alone, the most she could have contributed to establish
a valid IRA in 2018 was $6,000 to $7,000. (Bankr. No. 21-12147, 4/26/22 Opinion, 5-6). These
conclusions are far from "clearly erroneous."

Judge Mayer noted the debtor testified that when her father died in December 2017, he had
an account at Prudential Life Insurance in which he left her an interest, she did not know what type
of account it was, but after securing a medallion signature from Wells Fargo (her bank), she
received a $41,000 check that she took to Wells Fargo and used those funds to set up an IRA in

her own name. (Id., at 6, citing Hrg. Tr. at 55-57). She then rolled the Wells Fargo IRA into the Allianz IRA annuity. (Id.).

Based upon this testimony, Judge Mayer found that the debtor was not seeking to exempt an inherited IRA, but this did not mean that it was properly exempted. Rather, the evidence "call[ed] into question the tax-exempt status of the original IRA at Wells Fargo" such that "[i]f that account is not tax-exempt, then neither is the individual retirement annuity at Allianz [and] [t]hat would likewise mean that the annuity is not exempt from the bankruptcy estate." (Id.). In resolving that issue, Judge Mayer purposely looked to 26 U.S.C. § 408(b)(2)(B), under which an IRA annuity's validity is premised upon the limitation of the annual premium on behalf of an individual. To be valid, that premium cannot exceed the dollar amount in effect under 26 U.S.C. § 219(b)(1)(A). For taxpayers of Farber's age (52) in 2018, that amount was $6,500, including "catch-up contributions." (Id. at 7-9). By the debtor's own admission, she took the entire $41,000 which she received from Prudential and used it to open an account or IRA at Wells Fargo. Even crediting the debtor's belief that the Wells Fargo account was indeed an IRA, $41,000 was well in excess of the maximum premium amount allowable in 2018 for contribution to an IRA, and thus even if it was designated as an IRA, it was invalid. I therefore find no error in Judge Mayer's finding on this issue.

The trustee also argued that in opening the Wells Fargo IRA in an amount which exceeded the maximum annual contribution limit, the debtor engaged in a "prohibited transaction" under IRC § 408 which disqualified the account from tax exempt status and rendered it "nothing more than a cash account which she may not exempt from the bankruptcy estate." (Id., at 10 (citing Hrg. Tr. 2/10/22, at 64). Under § 408(e)(1), "[a]ny individual retirement account is exempt from taxation under this subtitle [26 U.S.C. § 1 *et. seq.*] unless such account has ceased to be an

11

individual retirement account by reason of paragraph (2) or (3). . . ." Paragraph 2, in turn provides
in relevant part:

> **(A)** In general.  If, during any taxable year of the individual for whose benefit any
> individual retirement account is established, that individual or beneficiary
> engages in any transaction prohibited by . . . 26 U.S.C. § 4975 with respect to
> such account, such account ceases to be an individual retirement account as of
> the first day of such taxable year.  . . .

"Prohibited transactions" are defined in Section 4975(c) as meaning "any direct or indirect" –

> (A) sale or exchange, or leasing, of any property between a plan and a disqualified
> person;

> (B) lending of money or other extension of credit between a plan and a disqualified
> person;

> (C)  furnishing of goods, services, or facilities between a plan and a disqualified
> person;

> (D)  transfer to, or use by or for the benefit of, a disqualified person of the income
> or assets of a plan;

> (E)  act by a disqualified person who is a fiduciary whereby he deals with the
> income or assets of a plan in his own interest or for his own account; or

> (F)  receipt of any consideration for his own personal account by any disqualified
> person who is a fiduciary from any party dealing with the plan in connection
> with a transaction involving the income or assets of the plan.

In applying the foregoing criteria to this case, Judge Mayer found that the debtor's only
alleged wrongdoing was her contribution of too much money into her own IRA account, and thus
she did not engage in a prohibited transaction under § 4975.  The record in this matter is in accord
and I once again agree with the bankruptcy judge's factual findings and legal conclusions on this
point.

Finally, to determine whether the debtor's Allianz IRA annuity  qualified as "a fund or
account that is exempt from taxation under . . . section 408," and was thereby exempted from the
bankruptcy estate under 11 U.S.C. § 522(b)(2), Judge Mayer examined the tax consequences under

the Internal Revenue Code of contributing more than the prescribed annual amounts to an IRA.  In

so doing and after determining that Section 4973 of the IRC, 26 U.S.C. § 4973(a)(3), imposes a

6% annual tax "of the amount of the excess contributions to such individual's accounts or

annuities,"  Judge Mayer found that notwithstanding that it may have been originally created at

Wells Fargo and subsequently "rolled over" to Allianz several years before the filing of the

bankruptcy petition, the IRA in question could never qualify as an IRA for exemption purposes

under the bankruptcy code because "the excess contribution gave rise to tax liability and precluded

the tax-exempt status of the account beyond the $6,500.00 limit." (Id., at 16).  "Neither the rollover

of the annuity nor the passage of time affected this status," and "by definition then, the Debtor's

current IRA is not tax exempt."  (Id.) (citing Mangan v. Brainard, 652 B.R. 1, 10 (Bankr. Conn.

2023) ("Because funds contributed in excess of the yearly limit are not exempt from taxation under

§ 408(a), they cannot be exempted by a bankruptcy debtor under § 522(d)(12)."); In re Cherwenka,

508 B.R. 228, 241 (Bankr. N.D. Ga. 2014) (annuity held disqualified from tax exempt status where

the debtor's 2003 contributions in the amounts of $250,000 and $100,000 greatly exceeded the

statutorily prescribed limit of $3,000 for that year); In re Ludwig, 345 B.R. 310, 317 (Bankr. D.

Colo. 2006) (Debtor's claimed exemption for annuity disallowed in part because annuity exceeded

annual contribution limit); In re Rogers, 222 B.R. 348, 350 (Bankr. S.D. Cal. 1998) (holding lump

sum premium payment for debtor's annuity contract "far exceeded" former $2,000 annual limit)).

    In view of the language of Section 522(d)(12), providing that retirement funds may be

exempted only "to the extent that those funds are in a fund or account that is exempt from taxation

. . . under 26 U.S.C. §§ 401, 403, 408, 408A. 414, 457, or 501(a)," and given that the Wells Fargo

IRA, if it in fact was an IRA, could not have been opened in an amount in excess of $6,500 in

2018, I agree with Judge Mayer's ruling that it was not a "qualified" or tax exempt IRA.  Thus,

13

even giving the benefit of the doubt to the debtor that she "rolled over" an IRA at Wells Fargo into the Allianz IRA annuity on April 13, 2018, that rollover did nothing to render any of the funds in that annuity validly exempt from taxation or from her bankruptcy estate.

For all of the above reasons, I will affirm the April 26, 2022 Order of the Bankruptcy Court, and uphold the disallowance of the debtor's Allianz IRA.

An appropriate Order follows.